(July 31, 2002)

■ In the Matter of VICTOR BARRON, Petitioner, v NICHOLAS COLABELLA, as Justice of the Supreme Court of the State of New York, Respondent. CHARLES J. HYNES, Nonparty. [745 NYS2d 729] —Proceeding pursuant to CPLR article 78 in the nature of prohibition and mandamus, inter alia, to prohibit the respondent, Nicholas Colabella, a Justice of the Supreme Court, from enforcing an order dated February 14, 2002, which declared Civil Rights Law § 52 unconstitutional and granted an application for audiovisual coverage of a criminal proceeding entitled *People v Barron,* pending under Kings County Indictment No. 479/02. Alternative application by the petitioner pursuant to CPLR 103 (c), to convert the proceeding to an action for a judgment declaring that Civil Rights Law § 52 is constitutional.

Adjudged that the proceeding is dismissed, on the law, without costs or disbursements; and it is further,

Ordered that the application is denied.

The petitioner, Victor Barron, a Justice of the Supreme Court, Kings County, was charged under Kings County Indictment No. 479/02 with one count of bribe receiving in the second degree (*see* Penal Law § 200.11). The criminal case was assigned to the respondent, Justice Nicholas Colabella. Just before the arraignment on February 8, 2002, the Daily News,

L.P., and WNBC, a television station owned and operated by the National Broadcasting Company, Inc., applied for permission to photograph, televise, and broadcast the criminal proceedings. In an order dated February 14, 2002, which superseded an order dated February 8, 2002, Justice Colabella declared Civil Rights Law § 52 unconstitutional and granted the application. Civil Rights Law § 52 provides, in relevant part, that "[n]o person * * * or corporation shall televise, broadcast [or] take motion pictures * * * of proceedings, in which the testimony of witnesses by subpoena or other compulsory process is or may be taken."

On July 1, 2002, the petitioner, who purportedly intends to plead guilty on August 5, 2002, commenced this proceeding pursuant to CPLR article 78 seeking either a writ of prohibition barring Justice Colabella from enforcing the order dated February 14, 2002, permitting audiovisual coverage, or a writ of mandamus compelling Justice Colabella to comply with Civil Rights Law § 52. Alternatively, the petitioner made an application, pursuant to CPLR 103 (c), to convert the proceeding to an action for a judgment declaring that Civil Rights Law § 52 is constitutional.

The proceeding must be dismissed on the ground that it is time barred by the four-month statute of limitations set forth in CPLR 217 (*see Matter of Holtzman v Marrus,* 74 NY2d 865). Furthermore, on the record before the Court, we decline to convert this proceeding to an action for a judgment declaring that Civil Rights Law § 52 is constitutional. Prudenti, P.J., H. Miller, Schmidt and Mastro, JJ., concur.